```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION


CANOPIUS INSURANCE INC.                              PLAINTIFF

VS.                         CIVIL ACTION NO. 3:13CV225TSL-JMR

ARBOR EXPERTS, LLC, GARRETT L.
EVANS, EMILY C. EVANS, MICHAEL
AUDIFFRED, KYMBLE AUDIFFRED
AND R. SCOTT BOOTH                                  DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Scott Booth to dismiss, or in the alternative, to stay proceedings. Plaintiff Canopius Insurance Inc. has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

On October 4, 2012, Scott Booth filed suit in the Circuit Court of Smith County, Mississippi against Arbor Experts, LLC, and its owners, Garrett L. Evans and Emily C. Evans, and against Michael Audiffred and Kymble Audiffred, alleging claims for negligence, gross negligence and intentional infliction of emotional distress relating to a December 5, 2011 accident on the Audiffreds' property in which Booth was struck in the head with a front-end loader owned by Arbor Experts and operated by Garrett Evans. At the time of the accident, Arbor Experts was insured under a commercial general liability issued by Omega U.S.

Insurance, Inc., Canopius US's predecessor in interest.  On October 29, 2012, Canopius received notice of the lawsuit and Canopius is currently providing a defense under reservation of rights to Arbor Experts, Garrett Evans and Emily Evans in the state court action.

On April 15, 2013, Canopius filed the present action against all the parties in the Smith County action seeking a declaratory judgment that its policy affords no coverage for Booth's claims in the state court case.  On May 20, 2012, within days of being served with process herein, Booth filed an amended complaint in the underlying action adding Canopius as a defendant and seeking a declaratory judgment that there is coverage under the Canopius policy for his injuries.  Soon thereafter, on May 30, he filed the present motion to dismiss, in which he asserts that this court should abstain from proceeding with this declaratory judgment action in deference to the pending state court action.  In the alternative, he asks the court to stay this action pending resolution of the underlying action.

The Declaratory Judgment Act states:  "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration".  28 U.S.C. § 2201(a).  Unlike other kinds of cases, over which the district courts have a "virtually

unflagging obligation" to exercise their jurisdiction notwithstanding that there is a pending state court action involving the very same issues, see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), the Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).  See also id. at 288 (stating that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration").  In Brillhart v. Excess Insurance Company of America, the Supreme Court recognized district courts' discretion to dismiss a declaratory judgment action when a parallel suit not governed by federal law and presenting the same issues is pending in state court, holding that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues ... between the same parties."  316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).

The ultimate issue in deciding how the court should exercise its discretion is "whether the questions in controversy between

the parties to the federal suit ... can better be settled in the proceeding pending in state court." Brillhart, 316 U.S. at 495. As articulated by the Fifth Circuit, this decision involves three inquiries: "(1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in St. Paul Insurance Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994)." AXA RE Property & Casualty Ins. Co. v. Day, 162 Fed. Appx. 316, at 2 (Jan. 11, 2006) (citing Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir. 2000)).

In the case at bar, Booth concedes that this declaratory action is justiciable. However, he contends that the court lacks authority to grant the relief requested and that, even if it has such authority, the court should nevertheless exercise its discretion to abstain from hearing the case.

The Fifth Circuit has held that district courts do not have authority to consider the merits of a declaratory judgment complaint when "(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993) (citing Texas Employers' Ins. Ass'n v.

Jackson, 862 F.2d 491, 506 (5th Cir. 1988)).  "[A]ll three conditions must exist before a federal court is stripped of the authority to consider the merits of a request for declaratory relief...."  Cherokee Ins. Co. v. Babin ex rel. Rogers, No. 3:06cv00612-DPJ-JCS, 2007 WL 2381928, 2 (S.D. Miss. Aug. 17, 2007).  Here, they are not, as Booth's complaint against Canopius seeking a declaratory judgment of insurance coverage was filed *after* Canopius filed the present action in this court.  The first condition is that "*[a]t the time suit was filed*, the declaratory defendant must have filed a state case involving the same issues as those involved in the federal case."  Id. (emphasis in original).  See also Fireman's Fund Ins. Co. v. Hlavinka Equip. Co., No. Civ. A. H-052515, 2005 WL 2792383 at *2 (S.D. Tex. Oct. 26, 2005) ("The most straight-forward interpretation of the phrase ['previously filed'] requires that the state court action be commenced before the federal declaratory judgment action.").  Booth suggests that this court should treat his cause of action against Canopius as having been "previously filed" since, owing to no fault of his, he was not even aware of Canopius or that there was an insurance coverage dispute until he was served with Canopius's complaint in this cause.[1]  In the court's opinion,

---

[1]  Booth argues:
Throughout settlement negotiations and the parallel state court litigation, Canopius US Insurance, Inc. was unknown to State Court Plaintiff.  Had State Court

5

however, a federal court does not *lack authority* to consider a declaratory judgment action if no state court action was pending at the time the federal complaint for declaratory relief was filed, regardless of the reason no state court action had been filed.  Cf. Babin, 2007 WL 2381928, at 2 (observing that "[a]lthough Defendants eventually filed complaints for declaratory relief in state court, at the time this suit was filed, Cherokee was not named in any state court action, and there was no state court action for declaratory relief.").

The question becomes whether the court should exercise its discretion to decide the case or to instead abstain from deciding the case.  This determination is made based on consideration of the Trejo factors, which are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, ... 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy ... and

---

Plaintiff known of the coverage disputes, he would have named Canopius as a defendant in his initial state court Complaint.  Once it was brought to State Court Plaintiff's attention that Canopius was the insurer for state court defendants and Canopius was seeking a declaratory judgment in federal court, State Court Plaintiff instituted proceedings to join Canopius in the parallel state court action.

6

>    [7)] whether the federal court is being called on to
>    construe a state judicial decree involving the same
>    parties and entered by the court before whom the
>    parallel state suit between the same parties is pending.

Trejo, 39 F.3d at 590-91.  See AXA, 162 Fed. Appx. 316, 320, 2006 WL 133532, 3 (quoting Trejo).  These factors are designed to address three fundamental considerations: (1) proper allocation of decision-making between state and federal courts, (2) fairness, and (3) efficiency.  Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 390 (5th Cir. 2003).

   The first Trejo factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, concerns both efficiency and comity.  Regarding this factor, the Fifth Circuit has held that "[i]f [a] federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." Sherwin-Williams, 343 F.3d at 391.  Here, Booth has filed an amended complaint against Canopius which is currently pending in the underlying state court action and seeks a determination of Canopius's obligations under the policy, distinctly state law issues.  Canopius thus concedes, as it must, that the first factor weighs in favor of abstention.

The second, third and fourth <u>Trejo</u> factors – whether the declaratory plaintiff filed suit in anticipation of a lawsuit by the defendant; whether the plaintiff engaged in forum shopping in bringing the suit; and whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums – are focused on fairness, and specifically on whether the federal declaratory judgment action is an "improper and abusive" litigation practice that seeks to "us[e] the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." <u>Id.</u>  The court in <u>Sherwin-Williams</u> stressed that "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping'". <u>Sherwin-Williams</u>, 343 F.3d at 391.  Indeed, "[d]eclaratory judgments are often 'anticipatory,' appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation.  More than one venue may be proper, requiring the plaintiff to select a forum." <u>Id</u>. at 391-92.  And "[d]eclaratory judgment actions often involve the permissible selection of a federal forum over an available state forum, based on the anticipation that a state court suit will be filed." <u>Id</u>. at 398.  Fairness concerns are implicated only where the federal declaratory judgment action constitutes impermissible "procedural

8

fencing" or forum manipulation, such as when the declaratory judgment plaintiff engages in a race to *res judicata* by bringing the declaratory judgment action before the declaratory defendant is legally able to bring a state action, or when the selection of the federal forum would result in a change in the applicable substantive law. Id. at 399. In the court's opinion, these Trejo factors do not weigh in favor of abstention in the case at bar as there is nothing to suggest that Canopius engaged in impermissible forum shopping by filing this declaratory judgment suit. Accordingly, these factors are neutral.

"The next two Trejo factors–whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy–primarily address efficiency considerations." Id. at 391. Given that the underlying state court action is pending in the same district in which the federal courthouse is located, the state and federal forums are of relatively equal convenience.

On the issue of judicial economy, the Fifth Circuit has held that "[a] federal district court should avoid duplicative or piecemeal litigation where possible. ... Duplicative litigation may ... raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." Sherwin-Williams, 343 F.3d at 391. Were this court to retain jurisdiction

9

over this lawsuit, the coverage issues that Canopius asks this court to decide would be simultaneously litigated by the state and federal courts.  This would not serve judicial economy.

As Judge Bramlette observed in <u>Allstate Ins. Co. v. Yates</u>,

> "District courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law." <u>Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.</u>, 2004 WL 193564 *2 (S.D.N.Y. Feb. 3, 2004).  In <u>Westfield Ins. Corp. v. Mainstream Capital Corp.</u>, 366 F. Supp. 2d 519, 521 (E.D. Mich. 2005), the court stated:
>> Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no per se rule prohibiting such actions in federal court ... "[s]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem."
> <u>Id.</u> at 521 (quoting <u>Bituminous Cas. Corp. v. J & L Lumber Co ., Inc.</u>, 373 F.3d 807, 812 (6th Cir. 2004)(additional citation omitted)).

Civil Action No. 5:10-cv-190(DCB)(JMR), 2011 WL 2414706, S.D. Miss. June 11, 2011).  Consideration of the <u>Trejo</u> factors leads this court to the same result.  The factors are either neutral or weigh in favor of abstention.  The court thus concludes that the motion to dismiss should be granted.

Accordingly, it is ordered that Booth's motion to dismiss is granted.

A separate judgment will be entered in accordance with

10

Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 5th day of July, 2013.

<u>/s/ Tom S. Lee</u><br>
UNITED STATES DISTRICT JUDGE